# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 21-10015
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARRELL CORDELL WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-195-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Darrell Cordell Williams was sentenced to 120 months in prison with three years of supervised release after pleading guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g).  On appeal, he raises a claim regarding two conditions of supervised release and argues that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10015

§ 922(g) is unconstitutional because the Commerce Clause does not authorize its enactment. The latter claim is foreclosed, as Williams acknowledges. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

The written judgment includes one condition of supervision providing that Williams must report to the probation office in the district where he is authorized to reside; another directs him to report to the probation office in the district to which he is released. He argues that the latter condition conflicts with the former and was not pronounced at sentencing. We agree with the Government that the district to which Williams is released and the district where he is authorized to reside are one and the same. The provisions in question correspond to a condition that the district court adopted at sentencing and do not conflict. *See United States v. Diggles*, 957 F.3d 551, 556-59 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020); *United States v. Mireles*, 471 F.3d 551, 557-59 (5th Cir. 2006). Accordingly, we AFFIRM.